Shaw, C. J.
This action is brought to recover back money, alleged to have been paid by the plaintiff to the defendant, upon a consideration which has failed. But in order to recover back the money, which was paid by the plaintiff towards the purchase of the estate in question, he must show not only the payment of the money, but the failure of the consideration therefor. The testimony of Reed went to prove, that the plaintiff paid $100 to the defendant, and took his bond for a deed, to be given on completing the payments. The burden of proof was then on the plaintiff, to produce the defendant’s bond, in order to show that he had complied therewith, on his part, by making the payments, and that the defendant had refused or neglected to make the deed, according to the terms of the bond; and so the court below rightly ruled. There was no proof of any agreement on the part of the defendant, but the bond testified of by Reed, and if the plaintiff had never accepted that bond, there was no evidence of any agreement on the part of the defendant, and of course no evidence of a failure of consideration.
If the plaintiff relied on the admission of the defendant’s counsel, that the bond first executed, attested by Reed, was taken back to correct a mistake, he must take the admission in full, and then the first bond was de facto at an end, by the substitution; and the surrender of the first, and the possession of the second, are plenary evidence of such substitution. But if the plaintiff does not choose to take such concession at all, and the whole is rejected, then the burden is still on him to produce the first bond, and prove non-performance of it, on the part of the defendant, in order to show a failure of consi *153 deration for the payment of the $100. If the plaintiff relies at all upon the bond attested by Grant, and produced by the plaintiff, he must take it as the contract of the defendant, for what it purports to be, to wit, as a contract for the sale of the estate, into the possession of which the plaintiff was admitted; and if that was the contract, it is conceded, that the plaintiff cannot recover, because he has not complied with the contract on his part, by making the stipulated payments.
It was intimated in the argument, that the plaintiff had been imposed upon, and induced to take a new bond not conformable to the terms of the agreement. If this was so, it was not only a fraud for the plaintiff to prove, of which there is no statement in the bill of exceptions ; but to maintain this action, the plaintiff would also have the burden of proving the contents of the first bond, and that by its terms, the plaintiff might rescind the contract, if the house should be burnt before the time for the execution of the deed, of which there was no evidence. Exceptions overruled.